Opinion issued July 17, 2008









 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00421-CR

 





JONATHAN DANIEL LEDBETTER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 06CR1846 






MEMORANDUM OPINION


 Appellant, Jonathan Daniel Ledbetter, pleaded nolo contendere without an
agreed punishment recommendation by the State to the offense of aggravated
robbery, (1) and a jury assessed punishment at 12 years in prison. In two points of error,
appellant argues that (1) the trial court violated his Sixth Amendment right to
question venire members in a challenge for cause based on their unwillingness to
consider mitigating evidence and (2) the trial court violated his Sixth Amendment
right to introduce evidence of the complaining witnesses' judgments and sentences
for prior convictions.

 We affirm. 

Background


 On June 13, 2006, appellant and another man kicked in the door of room 126
of the El Rancho Motel, where Eleutario Lara resided with his girlfriend and two
sons. Upon entering the room, the men demanded all of Lara's money and appellant
cocked a shotgun while pointing the barrel into the face of Lara's son. After Lara
told them that he did not have any money, appellant took Lara's wallet and fled in a
black sport utility vehicle. One of Lara's neighbors called the police and Lara
provided a description of appellant. Detective Hansen of the Dickinson Police
Department recognized the description as that of appellant and went to his home. At
appellant's home, Detective Hansen noticed what appeared to be a shotgun wrapped
in a towel inside the black sport utility vehicle. Appellant's mother agreed to a search
of the premises, and the police found money, Lara's wallet, and the shotgun. 
Appellant was then arrested for aggravated robbery. 

 Appellant pleaded nolo contendere to aggravated robbery, and a jury heard
evidence on punishment. Eleutario Lara, his girlfriend, and appellant testified to the
events during the crime. Detective Hansen, appellant's mother, and other Dickinson
Police Department officers testified to the investigation. The jury assessed
punishment at 12 years in prison.

Voir DireIn his first point of error, appellant contends that the trial court denied him the
opportunity to question certain venire members whom he had challenged for cause
in violation of his Sixth Amendment right to due process.

When conducting voir dire, appellant questioned the venire members on
whether they would consider mitigating factors such as family background and
whether particular venire members would be able to consider the full range of
punishment. Appellant identified 19 venire members whom he would challenge for
cause because "they would not consider any mitigating factors. The only thing they
would base their decision on is the range, the facts of the crime and the range of
punishment." Appellant went on to argue, "[M]y concern is they are not going to take
mitigating factors into account which violates Morgan v. Illinois (2) and we [will]
impanel a juror that is not able to consider mitigating factors." The trial court
clarified, "You're not saying any of those [venire members] said they cannot consider
the full range of punishment. You're just saying they would not consider his
background and you're saying that's a mitigating factor?" Appellant responded,
"Yes, sir." The trial court denied appellant's motion and did not allow any further
questioning of the venire members.

Standard of Review

The trial court has broad discretion over the process of selecting a jury. 
Barajas v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). We leave to the trial
court's discretion the propriety of a particular question, and the trial court's discretion
will not be disturbed absent an abuse of discretion. Id. (citing Allridge v. State, 762
S.W.2d 146, 167 (Tex. Crim. App. 1988)). A trial court abuses its discretion only
when a proper question about a proper area of inquiry is prohibited. Id. (citing
Allridge, 762 S.W.2d at 163). A question is proper if it seeks to discover a juror's
views on an issue applicable to the case. Id. (citing Smith v. State, 703 S.W.2d 641,
643 (Tex. Crim. App. 1985)).

Analysis 

The Texas Court of Criminal Appeals has held, "A prospective juror is not
challengeable for cause just because he does not consider a particular type of
evidence to be mitigating. And whether a juror considers a particular type of
evidence to be mitigating is not a proper area of inquiry." Standefer v. State, 59
S.W.3d 177, 181 (Tex. Crim. App. 2001). Here, appellant's attempt to question
venire members on their willingness to consider his "background" as a particular
mitigating factor in sentencing him for aggravated robbery was not a proper question. 
See id.; Barajas, 93 S.W.3d at 38; see also Davis v. State, 223 S.W.3d 466, 471 (Tex.
App.--Amarillo 2006, pet. dism'd) (holding that any error pertaining to capital
sentencing special issues such as mitigating factors was harmless, given that appellant
was not convicted of capital murder).

Appellant asserts that article 35.16(c)(2) of the Texas Code of Criminal
Procedure applies, making it an abuse of discretion for the trial court to refuse to
allow questioning of a juror who could not "follow the law" with regard to mitigating
evidence. See Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (Vernon 2006). The
trial court must decide whether a venire member has demonstrated enough bias to
require a challenge for cause, and the trial court should be granted broad discretion.
See Barajas, 93 S.W.3d at 38. However, a potential juror may refuse to consider
particular evidence as mitigating evidence and still follow the law. See Standefer, 59
S.W.3d at 181-82.

Therefore, the trial court did not abuse its discretion in refusing to allow
appellant to question venire members on mitigating factors. See Barajas, 93 S.W.3d
at 38.

We overrule appellant's first point of error.Evidence of Witnesses' Judgments and Sentences

In his second point of error, appellant argues that the trial court violated his
Sixth Amendment right to due process by refusing to admit into evidence written
copies of the judgments, sentences, and dismissals of previous convictions of Lara
and his girlfriend. The State argues that appellant did not preserve his claim of error
under the Sixth Amendment for review by this Court.

At the sentencing hearing, Lara and his girlfriend both admitted that they had
pending aggravated assault charges against them at the time of the robbery. They
both testified that they had accepted plea bargains, but denied that their plea bargains
were related in any way to their testimony in appellant's trial. Their testimony also
established that they agreed to the plea bargains just a few days after they were
robbed by appellant.

Appellant subsequently sought to admit into evidence the written documentary
evidence of the judgments against Lara and his girlfriend. The State objected on the
grounds that such evidence was redundant because there was already testimony of the
judgments. Appellant argued that the documents were important because they
established the dates of the plea bargains, that the dates were "too close to be
coincidental" and that they were necessary to demonstrate the untruthfulness of the
witnesses. The trial court sustained the State's objection, ruling that the dates had
already been elicited from the witnesses in testimony and that no further evidence was
necessary. Appellant made no further objection or argument.

Standard of Review

We review a trial court's ruling on the admissibility of evidence for an abuse
of discretion. Ellis v. State, 99 S.W.3d 783, 788 (Tex. App.--Houston [1st Dist.]
2003, pet. ref'd) (citing Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000)). We must uphold the trial court's ruling if it was within the zone of
reasonable disagreement. Id. 

Analysis

Generally, a timely, specific objection is required to preserve constitutional
error for appeal. Tex. R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002). This Court has determined that failure to preserve error, including
failure to object, waives the error. Boler v. State, 177 S.W.3d 366, 373 (Tex.
App.--Houston [1st Dist.] 2005, pet. ref'd) (citing Hull v. State, 67 S.W.3d 215,
217-18 (Tex. Crim. App. 2002)). To preserve his argument for appeal, appellant was
required to clearly articulate his constitutional objection so that the trial court had a
chance to rule on it. See Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)
(holding that an objection made on evidentiary grounds did not preserve argument
made on constitutional grounds for appeal). Without such a preservation, the issue
is waived. Boler, 177 S.W.3d at 373.

Here, appellant's argument in the trial court did not clearly articulate that his
argument was based on the Sixth Amendment. Because appellant did not make a
timely or specific objection on Sixth Amendment grounds, he has not preserved this
point of error for appeal; therefore, it is waived. See Tex. R. App. P. 33.1(a); Reyna,
168 S.W.3d at 179; Boler, 177 S.W.3d at 373.

We overrule appellant's second point of error. 

Conclusion

We affirm the judgment of the trial court.



 

 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.4(b).
1. See Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).
2. Morgan v. Illinois, 504 U.S. 719, 738, 112 S. Ct. 2222, 2234 (1992).